# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION

FILED

December 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9803-CC-00066 |
| | ) | |
| Appellee, | ) | BENTON COUNTY NO. 97-CR707 |
| | ) | |
| VS. | ) | HON. JUILIAN P. GUINN, |
| | ) | JUDGE |
| TONY RANDALL ARNOLD, | ) | |
| | ) | AFFIRMED - RULE 20 |
| Appellant. | ) | |

## ORDER

The defendant, Tony Randall Arnold, appeals as of right his conviction by a Benton County jury of simple assault, a Class B misdemeanor. *See* Tenn. Code Ann. § 39-13-101(a)(3). The trial court sentenced the defendant to six (6) months in jail to be served at 75%. The sole issue for appeal is whether the trial court properly sentenced the defendant.

The defendant was originally indicted for rape of a child, but was convicted of simple assault. The transcript of the trial is not in the record. From the technical record it appears the victim was the step-sister of the defendant's wife and was less than thirteen (13) years of age.

In determining whether the trial court has properly sentenced an individual, this court engages in a *de novo* review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

The state asserted the following enhancement factors at the sentencing hearing: the victim was particularly vulnerable due to her age; the offense was

committed to satisfy the defendant's desire for pleasure or excitement; and the defendant took advantage of a position of private trust. *See* Tenn. Code Ann. § 40-35-114(4), (7), (15). The defendant submitted for the trial court's consideration that he had no prior arrests, a full-time job, and a family to support.

In sentencing the defendant to incarceration, the trial court expressly rejected alternative sentencing based upon the seriousness of the offense and the vulnerability of the victim. As stated, the trial court imposed a six (6) month sentence of incarceration.

The facts and circumstances of the offense are crucial to the propriety of this sentence. *See* Tenn. Code Ann. § 40-35-210(b)(1). However, this Court has not been furnished a copy of the trial transcript. For all practical purposes, we are precluded from considering the merits of the sentencing issue. *See* State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); Tenn. R. App. P. 24(b). Nevertheless, based upon what few facts do appear in the record, we find no impropriety in the sentence imposed by the trial court.

Based upon the record before this Court, the defendant has failed to meet his burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

Because we find no error in the trial court's sentencing of the defendant, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court.

In the event the appellant indicates an intention to file an application for permission to appeal to the Tennessee Supreme Court, he may be admitted to bail in the additional amount of $1,000 for a total bond amount of $26,000 with sufficient sureties to be approved by the clerk of the trial court pending filing and disposition of said application. In default of such bond, he shall be remanded to the custody of the Sheriff of Benton County. Costs are taxed to the state as the appellant is indigent.

All of which is so ORDERED.

                                              _____

                                              **JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID H. WELLES, JUDGE**